ALLEN C. TANNER, Appellee, vs. MAHALA E. NEWTON
et al. Appellants.

*Opinion filed June 21, 1912.*

1. FRAUD—*a party asserting fraud after a lapse of twenty-two years must make a clear showing.* A complainant who asserts the fraudulent alteration of a deed and record after a lapse of twenty-two years, during which time the grantee has been in possession, must make a clear and satisfactory showing to justify a conclusion that the erasure was fraudulent and not made by agreement.

2. EVIDENCE—*when a decree reforming deed and record for alleged fraud cannot stand.* A decree granting reformation of a deed and record because of alleged fraud in erasing therefrom a clause reserving coal rights will not be allowed to stand, where the evidence not only fails to show fraud in such erasure, but is uncontradicted that the erasure was made by the grantor a few days after the deed was made and recorded because the grantee refused to accept the deed with any such reservation contained therein.

APPEAL from the Circuit Court of Jefferson county; the Hon. WILLIAM H. GREEN, Judge, presiding.

THOMPSON & THOMPSON, for appellants.

CONRAD SCHUL, and GEORGE L. ORE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

By his amended bill filed in the circuit court of Jefferson county, the appellee, Allen C. Tanner, alleged that on March 28, 1889, he conveyed, by warranty deed in statutory form, to Mahala E. Newton one hundred and twenty acres of land in said county for the sum of $1200; that at the end of the deed, after the release and waiver of homestead rights and before the date, the deed contained this clause, "Reserving the coal privileges under said land;" that subsequent to the execution of the deed, and without

his knowledge or consent, the reservation in the deed was erased from the same and from the record thereof in the recorder's office; that on February 25, 1911, said Mahala E. Newton and James A. Newton, her husband, conveyed, by warranty deed in like form, forty acres of said land to Henry I. Kent without any reservation of coal privileges, and that the conveyance to Kent without reserving the coal privileges to the appellee was made without his knowledge and consent. The appellants, Mahala E. Newton, James A. Newton, Henry I. Kent and Lelah Kent, were made defendants, and the bill prayed that the said James A. Newton and Mahala E. Newton be required to bring the deed made by the appellee into open court and place therein the said reservation, "Reserving the coal privileges under said land;" that the recorder be ordered to insert said reservation in the record of said deed in his office, and that in default of the said James A. Newton and Mahala E. Newton inserting said reservation in the deed the clerk of the court be empowered to do so. Mahala E. Newton and James A. Newton answered, denying that the complainant reserved to himself the coal under the land or that any change was made in the deed or the record subsequent to the delivery of the deed. Henry I. Kent and Lelah Kent did not answer and were not defaulted. The court heard the evidence, and found that the deed from the complainant contained the reservation alleged and that the same was erased from the deed and from the record in the recorder's office without the knowledge or consent of the complainant, and ordered the defendants Mahala E. Newton and James A. Newton to bring the deed into open court and insert therein said reservation, and in the event of their failure, or of either of them, to insert the same, the clerk was ordered to insert the reservation in the deed, and the clerk was directed to insert the same reservation in the record of the deed in the recorder's office. From that decree the defendants appealed.

Errors are assigned upon the rendition of the decree affecting the rights of the defendants Henry I. Kent and Lelah Kent without an appearance or answer by them or a default, and also as to the power of the chancellor to order the grantee, Mahala E. Newton, and James A. Newton, her husband, to bring the deed into open court and insert therein the alleged reservation, but it will not be necessary to consider those assignments for the reason that we do not regard the proof as sufficient to authorize the decree.

There was no dispute of the facts that the deed of March 28, 1889, when first made, acknowledged and recorded, contained some such words as alleged, reserving the coal privileges under the surface of the land, and that such reservation was afterward erased from the deed and record. The controversy was as to who made the erasures. The deed was made twenty-two years before the litigation, during which time the grantee had been in possession of the land, and it does not appear that the complainant ever paid any taxes on the coal rights which he alleges were severed from the surface of the land by his deed, or that he ever gave any attention to the land or to the existence or extent or value of any deposits of coal, or was ever known to make any claim respecting coal rights in the land. The erasure was made soon after the date of the deed. A maker of abstracts, basing his judgment on his abstract books, said that the reservation was noted some time between February 5 and July 25, 1889, when a certain book was closed, but there was nothing showing with any certainty that the erasure was not made soon after the transaction. The complainant asserted the fraudulent alteration of the deed and record, and after the lapse of twenty-two years, during which the grantee had been in possession and for aught that appears paying taxes upon the whole title, there ought to be a clear and satisfactory showing to justify a conclusion that the erasure was fraudulent and not

in pursuance of the terms of the contract, as claimed by
the defendants.

Mahala E. Newton, the grantee in the deed, was the
owner of city property in the city of Mt. Vernon, and
James A. Newton, her husband, was a conductor on the
Louisville and Nashville railroad. Allen C. Tanner was
county clerk, and there were negotiations between him and
James A. Newton for an exchange of the land for the city
property. The complainant did not see Mrs. Newton and
the transaction was with her husband as her agent. The
parties were to execute warranty deeds and each one was
to furnish the other with an abstract of title. Mrs. Newton
and her husband made a conveyance and furnished an ab-
stract, as agreed. The complainant wrote and acknowl-
edged his deed, and testified that when Mr. Newton called
at his office at the court house he erased the name of Mr.
Newton as grantee and inserted that of Mrs. Newton, and
also corrected a mistake he had made in the description of
the land and also in the word "Illinois." The understand-
ing was that the complainant was to take the deed to the
recorder's office, in the same building, and have it recorded.
The deed was filed for record by the complainant two days
after its date and he paid the fee for recording. Mr. New-
ton testified that he was running on the railroad and the
complainant was to make the deed and have it recorded;
that after the deed had been recorded it was shown to him
by the complainant and he refused to accept it with any
reservation of coal rights; that the complainant said he
would take the reservation off, and the witness then went
out on his run on the railroad; that afterward he went
back to the complainant's office for the deed, and the com-
plainant handed it to him, saying that he had erased the
reservation; that the complainant took the witness and his
wife in the other office to show the record; that the witness
had nothing to do with any erasure of the deed or the rec-
ord but the erasures were made because he refused to take

the deed with any reservation, and that in the trade there
was not a word said by the complainant about reserving the
coal or coal rights. Mrs. Newton testified that the deed
was in the same condition the first time she ever saw it as
at the time of the trial; that she never made any change in
the deed or record or had anything to do with any change;
that she had possession of the deed from the time she re-
ceived it; that the agreement to which she consented was
that she and her husband were to give the complainant a
warranty deed and an abstract and he was to give them a
warranty deed and abstract, and that nothing was ever said
about reserving coal, so far as she ever heard. She testi-
fied that she received the deed in the complainant's office
when he handed it to her husband, and the memorandum in
the recorder's office shows that it was delivered April 9,
1889, to James A. Newton. Another witness testified that
he was present at a conversation between the complainant
and Mr. Newton in the court house when Mr. Newton said
there was something on the deed that he would not ac-
cept,—something about a coal royalty; that the complain-
ant said he would change the deed, and Mr. Newton said
when he did he would take it; that Mr. Newton told the
complainant that he was making a warranty deed without
any strings to it, and that was the only kind of a deed he
wanted. This witness, on cross-examination, said that he
had told complainant he did not know what the defendants
wanted with him; that he did not want to go into detail
about it and did not know anything about it, but he did not
make any statement out of court contradictory to his tes-
timony. The deed had been cut in two where it was nearly
worn through on the edge and had been pasted together
again. Mrs. Newton and her husband both testified that
this was done by Judge Webb when they went to him to
have their wills made; that it was worn through where it
was folded and Judge Webb pasted it together in his office.
Judge Webb did not remember whether he pasted the parts

of the deed together or not but said that he might have done so. The evidence for the defendants was very positive that there was no agreement in the negotiation for the trade that any coal rights should be reserved, and on the part of the complainant there was no evidence that there was such an agreement. The complainant testified that he could not remember that anything was said in the agreement for the exchange about such a reservation and could not tell a single word of the conversation concerning the trade, but that he undoubtedly informed Mr. Newton that he would reserve the coal, and that he would not have put the reservation in the deed unless the coal was to be reserved. There was no testimony of the recorder or anyone who was employed in the recorder's office at the time of the erasure, and it would be strange if the grantee or her husband had been permitted to make an erasure on the record in the custody of the recorder in the interest of the grantee and against the rights of the grantor, who was county clerk, directly across the hall in the same building. That he was permitted to make the alteration would not be so improbable. There was no other evidence which can be regarded as having any weight in the determination of the question at issue between the parties, and it does not appear to us that the evidence for the complainant was sufficient to sustain the decree. While we will not reverse a decree where the chancellor has heard the witnesses unless it appears to be clearly against the weight of the evidence, we are not able to reach any other conclusion in this case.

The decree is reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*